BROPHY COAL CO., Appellant, *v.* MATTHEWS, et al., Respondents.
No. 9049.
Submitted April 25, 1951. Decided June 28, 1951.
233 Pac. (2d) 397.

Mr. G. J. Jeffries, Roundup, Mr. Ralph J. Anderson, and Mr. Albert C. Angstman, Helena, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Charles V. Huppe, Asst. Atty. Gen., Mr. H. O. Vralsted, Tax Counsel, Board of Equalization, Mr. Daniel J. Sullivan, Asst. Tax Counsel, Board of Equalization, Helena, for respondent.

Mr. Anderson, Mr. Vralsted and Mr. Sullivan argued the case orally.

MR. JUSTICE FREEBOURN:

Brophy Coal Company, a corporation, plaintiff, brought this action in the district court of Lewis and Clark county, seeking a declaratory judgment against the members of the state board of equalization, defendants. A general demurrer of defendants to plaintiff's complaint was sustained. Plaintiff declined to further plead and a judgment dismissing the action was entered. From the judgment plaintiff appeals.

From the complaint it appears that plaintiff, using union labor, is engaged in mining coal. By virtue of a collective bargaining agreement between the union, representing the employees, and the coal company, plaintiff, as a condition to employing union labor, was required to make certain payments in 1947 and 1948 to the union for the miners' health and welfare fund, from which pensions, health insurance and disability benefits for the miners are paid. Plaintiff contends such payments are deductible in determining its net proceeds tax under R. C. M. 1947, section 84-5403, as "moneys expended for necessary labor." Defendants claim such payments are not deductible.

R. C. M. 1947, section 84-5403, in part, is as follows: "The state board of equalization * * * shall calculate and compute the net proceeds in dollars and cents of said mine yielded to such * * * corporation * * * so engaged in mining, which said net proceeds shall be ascertained and determined by subtracting from the value in dollars and cents of the gross product thereof the following, towit: * * *

"2. All moneys expended for necessary labor, machinery and supplies needed and used in the mining operations and developments. * * *"

The miners producing plaintiff's coal are completely unionized under the jurisdiction of the United Mine Workers of America. They and plaintiff come under the National Labor Relations Act.

29 U. S. C. A. sec. 157, N. L. R. A. sec. 7, as amended June 23, 1947, provides: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bar-

gain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a) (3) of this title.''

Employees have a right to organize unions and, through them, to bargain collectively with employers concerning wages, hours, working conditions or other appropriate subject. See National Maritime Union of America v. Herzog, D. C. D. C. 1948, 78 F. Supp. 146, affirmed 334 U. S. 854, 68 S. Ct. 1529 92 L. Ed. 1776.

Section 13 of the above Act, as amended June 23, 1947, 29 U. S. C. A. sec. 163, provides: ''Nothing in this subchapter, except as specifically provided for herein, shall be construed so as either to interfere with or impede or diminish in any way the right to strike, or to affect the limitations or qualifications on that right.''

So that if plaintiff refused to accede to the union's demand for such health and welfare payments, such demand could have been enforced by strike. It became, therefore, just as necessary for plaintiff to agree to and make such health and welfare payments, in order to secure labor to mine coal as it was to agree to a scale of wages or hours of labor per day. The health and welfare payments, required under such agreement, constituted ''money expended for necessary labor.''

Defendants also contend that such demurrer was properly sustained because the complaint did not allege the State of Montana had consented to be sued under the Uniform Declaratory Judgment Act of Montana, R. C. M. 1947, secs. 93-8901 et seq.

''Suits against tax officers based upon claimed illegality of their actions in assessing or collecting taxes * * * are not generally considered suits against the state.'' 49 Am. Jur.,

States, Territories & Dependencies, sec. 94, pp. 308, 309. See also: G. C. Cobb v. Harrington, 144 Tex. 360, 190 S. W. (2d) 709, 172 A. L. R. 837; and State ex rel. Boorman v. State Board of Land Commissioners, 109 Mont. 127, 94 Pac. (2d) 201.

For the reasons stated the judgment is reversed and the order sustaining the demurrer is set aside.

The cause is remanded to the district court with directions to overrule the demurrer and for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES METCALF, BOTTOMLY and ANGSTMAN, concur.