MEENS, RESPONDENT, *v.* STATE BOARD OF EDUCATION, APPELLANT.

No. 9217.

Submitted January 20, 1954. Decided March 11, 1954.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Mr. William F. Crowley, Asst. Attys. Gen., Mr. Thomas F. Joyce, Sp. Asst. Atty. Gen., for appellant.

Mr. Franklin S. Longan, Mr. Robert L. Jones, Billings, for respondent.

Mr. Joyce and Mr. Longan argued orally.

MR. CHIEF JUSTICE ADAIR: (delivered the Opinion of the Court).

Richard Meens, a professor of mathematics at Eastern College of Education at Billings, brought this suit against the state board of education to recover damages for breach of contract.

The complaint sets forth two separate causes of action. The first cause of action covers the 1949-1950 school year while the second covers the 1950-1951 school year. Otherwise the causes are identical.

The state board of education made a general appearance in the suit by interposing a general demurrer to each cause of action contending that each "fails to state facts sufficient to constitute a cause of action against the defendant" board.

The district court overruled the demurrer and the defendant board, declining to plead further, suffered its default to be entered. Thereafter judgment was entered for the professor for his actual damages and costs. The board appeals from that judgment.

*Facts Pleaded.* The first cause of action states the following ultimate facts:

In July 1946, Richard Meens was employed by the state board of education for the 1946-1947 school term, at a salary of $3,100 payable in 12 installments, as a professor of mathematics at the Eastern Montana State Normal School, now known as Eastern College of Education.

In 1947 Professor Meens was rehired for the 1947-1948 school term at a salary of $3,600 payable in 12 installments.

In 1948 he was rehired for the 1948-1949 school term at a salary of $3,800 payable in 12 installments.

Professor Meens performed all the duties, conditions and terms of his contract and, at the end of three years continuous employment, he acquired and became entitled to permanent tenure status.

In April 1949, after completing three years of teaching at the institution, Professor Meens received a "Notice of Employment" from the University of Montana and from the defendant state board of education notifying him that the terms of his contract for the school term for 1949-1950 had been changed so

that he was to receive a salary of but $3,600 payable in ten installments instead of $3,800 payable in 12 installments called for by his contract which embodies the rules and regulations of the state board of education promulgated June 22, 1918, with subsequent amendments thereto, including the second paragraph of the contract which incorporates a rule, regulation and provision reading:

"Professors and associate professors are on permanent appointment; provided, however, that the initial appointment to a full professorship or to an associate professorship may be for a limited term. Such limited term appointment may be renewed; provided, however, that reappointment after three years of service shall be deemed a permanent appointment."

The "Notice of Employment" *inter alia,* stated that upon his signature to a new contract he was again employed for such school term for 1949-1950 at the reduced salary of $3,600. He signed such contract form but notified the president of Eastern Montana College of Education of said reduction contrary to the terms of his contract and contrary to said rules and regulations so promulgated by the state board of education.

Thereafter Professor Meens made formal protest and timely appeal to the state board of education urging that the board's action in reducing his salary and denying him permanent tenure status was and is in violation of his contract of employment and the rules and regulations of the defendant board.

The complaint states that having acquired permanent tenure status the defendant board was required to issue a new contract for the year 1949-1950 with the same terms as the preceding contract, namely $3,800 payable in 12 installments and that by reason of new and different terms and reduction in salary attempted in the new contract he was and is damaged in the sum of $200.

The complaint also alleges that the members of the faculty of Eastern Montana College of Education received a blanket increase in their salaries of 17% to be effective the 10th day of April 1949; that notwithstanding such directive from the state

board of education and notwithstanding the fact that the plaintiff Richard Meens then was and now is a member in good standing of the faculty of said educational institution, he did not receive the increase; that he duly protested such alleged arbitrary and discriminatory action against him but that notwithstanding such protest the defendant state board of education has not granted him such increase to his further damage in the additional amount of $646 for each of the two school years here involved.

*Relief Demanded.* In his first cause of action covering the 1949-1950 school year Professor Meens demands damages of $200 due to attempted reduction in salary, plus $646 for the 17% increase allowed others but denied him, making a total of $846 for that year and in his second cause of action covering the 1950-1951 school year he claims like damages in like amounts making a total of $1,692 for the two school years involved.

*Judgment Entered.* The judgment rendered and entered is "that Richard Meens, plaintiff, do have and recover of and from the said defendant, State Board of Education, the sum of $846 actual damages on plaintiff's first cause of action, and the sum of $846 actual damages on plaintiff's second cause of action, together with said plaintiff's costs and disbursements incurred in said action, amounting to the sum of $9.05."

*Question Involved.* The sole question presented on this appeal is whether the defendant state board of education may be sued for a breach of the contract which it entered into with the plaintiff Richard Meens.

The first sentence of section 11 of Article XI of the Constitution of Montana provides: "The general control and supervision of the state university and the various other state educational institutions shall be vested in a state board of education, whose powers and duties shall be prescribed and regulated by law."

This provision of the Constitution contemplates and authorizes the legislature to prescribe powers and duties of the state board of education.

R. C. M. 1947, sec. 75-107, gives the state board of education

the general control and supervision over the school here involved. Subdivisions 12 and 14 of sec. 75-107 give such board the authority to choose the faculty for each institution mentioned in such statute and to select the faculty, teachers and employees thereof.

R. C. M. 1947, sec. 75-301, also gives the state board of education general control and supervision of all such educational institutions.

R. C. M. 1947, sec. 75-302, provides for the appointment of an executive board for each institution.

R. C. M. 1947, sec. 75-307, provides: "Said executive board shall have such immediate direction and control, other than financial, of the affairs of such institution as may be conferred on such board by the state board of education, subject always to the supervision and control of said state board. Said executive boards shall also have and exercise power and authority in contracting current expenses, and in auditing, paying, and reporting bills for salaries, or other expenses incurred in connection with such institutions; provided, the board of examiners may not limit the power of the executive board in making expenditures or contracts which in no single instance or for any single purpose exceed two hundred and fifty dollars." See also R. C. M. 1947, sec. 75-1103.

It is clear that the defendant state board of education has been granted authority to enter into contracts or to authorize the executive board of the particular institution to enter into contracts with teachers and professors and this particular action involves an alleged breach of one of such duly authorized contracts, which breach stands admitted by the demurrer of the defendant board.

Appellant cites a number of Montana cases holding that a state cannot be sued in its own courts without its consent but each case cited is clearly distinguishable from the suit now before us. It must be remembered that the instant action arises *ex contractu* and not *ex delicto*.

In State ex rel. State Savings Bank v. Barret, 25 Mont. 112, 119, 63 Pac. 1030, 1032, which involved the payment of warrants

issued to a contractor for the construction of a building for the Montana School of Mines at Butte, this court, in holding that such warrants should be paid, said: "When a state enters into a contract such as the one it made with Riddle & Roach, it is not acting in its governmental or sovereign capacity, but comes down to the level of persons. Its contract has the same meaning as that of similar contracts between subjects, and therefore the law imposes upon it the obligation to perform its agreement according to the terms thereof."

In State ex rel. Veeder v. State Board of Education, 97 Mont. 121, 137, 33 Pac. (2d) 516, 523, this court said: "All governing boards exercise two distinct classes of powers; the one legislative and governmental, the other proprietary, or in the nature of business managers for the public they serve. In the exercise of the first class of powers, a board cannot bind its successors, but in the second it may enter into valid contracts extending far beyond the term of office of the members. In other words, the members of such a board cannot circumscribe the legislative powers of their successors, but as business managers they may exercise their powers in the same way and under the same rules as control a business corporation under like circumstances."

Barbour v. State Board of Education, 92 Mont. 321, 13 Pac. (2d) 225, was an action to enjoin the board from erecting certain buildings at the State School of Mines. The injunction was denied but the right to sue the state was neither raised nor questioned by the court.

State ex rel. Keeney v. Ayers, 108 Mont. 547, 92 Pac. (2d) 306, involved the appointment of a professor at the State University. There the question of the right to sue the state was not raised, but the plaintiff Keeney maintained his action and prevailed in both the district court and here.

State ex rel. Boorman v. State Board of Land Commissioners, 109 Mont. 127, 138, 94 Pac. (2d) 201, 205, was an action for a writ of mandate wherein this court said: "Defense numbered 6 is on the question that the proceeding is an action against the state. The rule is too well settled in this state that mandamus

will lie to compel state boards or officers to perform a clear, legal duty, to require extended citations in support thereof or justify extended argument. We are satisfied that it is the clear, legal duty of the board to refund the money, and the proceeding is not such a one as may be said to be against the state''.

In Brophy Coal Co. v. Matthews, 125 Mont. 212, 214, 233 Pac. (2d) 397, 399, the action was against the state board of equalization to procure allowance of certain deductions made by employers to a labor union for the miners' health and welfare fund. In reversing the trial court which had sustained a demurrer to the complaint this court said: ''Defendants also contend that such demurrer was properly sustained because the complaint did not allege the State of Montana had consented to be sued under the Uniform Declaratory Judgment Act of Montana, R. C. M. 1947, secs. 93-8901, et seq.

'' 'Suits against tax officers based upon claimed illegality of their actions in assessing or collecting taxes * * * are not generally considered suits against the state.' 49 Am. Jur., States, Territories & Dependencies, sec. 94, pp. 308, 309. See also: G. C. Cobb v. Harrington, 144 Tex. 360, 190 S. W. (2d) 709, 172 A. L. R. 837; and State ex rel. Boorman v. State Board of Land Commissioners, 109 Mont. 127, 94 Pac. (2d) 201.''

49 Am. Jur. cited in the above quotation reads in part as follows: ''An action may be maintained against a state officer who unlawfully withholds property of another, or who unlawfully deprives a citizen of his property or prevents his free enjoyment of it. This rule applies where rights are conferred by statute and the officer violates or abuses his authority under the statute to the injury of rights conferred thereby.''

In support of the above quotation the author cites the case of Payne v. Central Pac. R. Co., 255 U. S. 228, 41 S. Ct. 314, 65 L. Ed. 598. See also Boxberger v. State Highway Department, 126 Colo. 438, 250 Pac. (2d) 1007.

In Regents of University System of Georgia v. Blanton, 49 Ga. App. 602, 176 S. E. 673, 675, one Blanton was employed as an instructor in the Georgia School of Technology. His salary

was reduced by the regents of the University and he sued to recover the balance due on his original contract. The same defense was made on that appeal as is made in the case at bar. In Blanton's case the Georgia trial court found in Blanton's favor and the regents of the University appealed. In affirming the judgment awarded Blanton, the appellate court said: "A state or any of its departments entering into contracts lays aside its attributes of sovereignty, and binds itself substantially as one of its citizens does when he enters into a contract, and, in general, its contracts are interpreted as the contracts of individuals are, and are controlled by the same laws. Ohio Life Ins. & Trust Co. v. Debolt, 16 How. 416, 14 L. Ed. 997; notes, 42 L. R. A., N. S., 117. *Where there is an act of the state Legislature authorizing a contract by a state department, the courts have power to enforce the contract against the state.* Carr v. State, 127 Ind. 204, 26 N. E. 778, 11 L. R. A. 370, 22 Am. St. Rep. 624, and notes." Emphasis supplied.

In State ex rel. Phillips v. Ford, 116 Mont. 190, 198, 151 Pac. (2d) 171, 175, in affirming a judgment for relator, Phillips, a professor in the Montana State University, this court said: "The relationship between the board and Phillips was that of employer and employee. It was contractual in character. 11 C. J. 995; 14 C. J. S., Colleges and Universities, sec. 21. According to the pleadings and under the rules and regulations of the board he held his position under what is known in scholastic parlance as permanent tenure. State ex rel. Keeney v. Ayers, 108 Mont. 547, 92 Pac. (2d) 306."

In its brief in the instant case the appellant board contends that Professor Meens "has misconceived his remedy" and that, "He should first establish his right to a twelve month contract, if he can, by applying for a writ of mandamus."

An application for a writ of mandate is just as much a civil action against the state as is the instant action for breach of contract, R. C. M. 1947, secs. 93-9101 to 93-9114, and it is a civil action as described in R. C. M. 1947, secs. 93-2301 to 93-2303.

In Greeley v. Cascade County, 22 Mont. 580, 589, 57 Pac. 274,

276, this court said: "Our statute (sections 1960-1973, Code Civ. Proc. [of 1895, now R. C. M. 1947, secs. 93-9101 to 93-9114, supra]) with respect to *mandamus* or the 'writ of mandate,' as it is called, assimilates such a proceeding, in respect of pleading and practice, to the ordinary civil action." See also 34 Am. Jur., Mandamus, sec. 6, p. 812.

Mandamus was the method of obtaining relief employed against state boards in a number of the above cited cases from this jurisdiction despite the contention of the defense that the state may not be sued without its consent.

Each cause of action in the complaint states facts sufficient to constitute a cause of action against the defendant state board of education.

The judgment in favor of the plaintiff, Richard Meens, and against the defendant board is affirmed.

MR. JUSTICES BOTTOMLY, FREEBOURN, ANGSTMAN and ANDERSON, concur.