NORTHWESTERN IMPROVEMENT COMPANY, A CORPOR-
ATION, AND SCHOOL DISTRICT NO. 19 OF THE COUNTY OF
ROSEBUD, PLAINTIFFS AND RESPONDENTS, v. ROSEBUD
COUNTY, MONTANA, AND J. D. NEWNES, AS COUNTY AS-
SESSOR OF ROSEBUD COUNTY, MONTANA; THE STATE BOARD
OF EQUALIZATION OF THE STATE OF MONTANA, ET AL., DE-
FENDANTS AND APPELLANTS.

No. 9285.
Submitted May 11, 1955. Decided August 4, 1955.
288 Pac. (2d) 657.

Arnold H. Olsen, Atty. Gen., Vera Jean Heckathorn; Asst.

Atty. Gen., H. O. Vralsted, Sp. Asst. Atty. Gen., Lyman J. Hall, Asst. Tax Counsel for State Board of Equalization, Helena, for appellants.

F. F. Haynes, Forsyth, Messrs. Coleman, Jameson & Lamey, James M. Haughey, Billings, for respondents.

Mr. Vralsted and Mr. Haughey argued orally.

## MR. JUSTICE ANGSTMAN:

Plaintiffs obtained a declaratory judgment determining that a part of a building owned by the Northwest Improvement Company and by it leased to plaintiff school district and used for school purposes, is exempt from taxation. Defendants have appealed from the judgment. The facts from which the legal question arises are these:

For many years before 1946 plaintiff school district conducted a grade school and high school at Colstrip in two buildings owned by the improvement company and leased to the school district. Those buildings became inadequate and new buildings became necessary. The assessed valuation of the district was such that the constitutional 3% limitation on indebtedness prohibited borrowing in excess of $70,000 or $75,000, which was not sufficient to provide an adequate building.

Plaintiff improvement company erected a school building with a gymnasium wing and an auditorium or theatre attached to the gymnasium wing. The gymnasium and school building cost about $300,000 and the auditorium about $30,000. The improvement company leased the school building and the gymnasium excluding the auditorium, to School District No. 19 for the term commencing January 1, 1946, and ending September 1, 1946, at a monthly rental of $583.33. By the lease agreement the school district agreed to reimburse the improvement company for any and all taxes that might be levied or assessed against the school building and gymnasium. The monthly rental was computed in such a way as to produce $7,000 per year for a period of 40 years.

Forty years was the estimated life of the coal mining activi-

ties at Colstrip, after which the school building and gymnasium would have no value for school purposes or otherwise since the life of the town is entirely dependent upon coal mining. The figure of $280,000 was used since that was the out-of-pocket cost of the school building and gymnasium at the time the lease was to commence, the gymnasium at that time not being completed.

On September first the lease was renewed for another year, or until August 31, 1947; successive renewals of the lease have been made annually ever since, and the amount of the rental each year has been so adjusted that at the end of 40 years the improvement company will have returned to it the actual cost of the school building and gymnasium without any interest and without reimbursement for insurance premiums, paid by it for insurance on the property. The school district, pursuant to the lease, has reimbursed the improvement company for taxes paid by it, all of which have been paid under protest; actions have been instituted and are now pending to recover the taxes so paid under protest.

The school district took possession of the school building and gymnasium and has used the property continuously and exclusively for school purposes; the school building, gymnasium and auditorium are all connected, the east wall of the gymnasium being part of the west wall of the school building, and the west wall of the gymnasium except for the upper five or six feet, is the east wall of the auditorium; the east wall of the auditorium extends a few feet north of the north wall of the gymnasium and a few feet north of the south wall of the gymnasium; the three units have been separately assessed; there are three outside entrances to the auditorium; likewise there is a door between the gymnasium and the foyer in the front end of the auditorium; this door is kept locked and unused except when the school is using the gymnasium for basketball games, dances or banquets; on such occasions tickets are sold in a booth in the auditorium foyer as well as at the door leading from the lower floor of the school building to the gymnasium; the auditorium was leased by the improvement company to Foley Brothers, a

corporation, and used as a moving picture theatre; as before noted that part of the building was separately assessed and no question is here raised as to the validity of that assessment or tax.

Appellants contend that the court had no jurisdiction to proceed under the Uniform Declaratory Judgments Act. R. C. M. 1947, section 93-8901 et seq., when there existed an adequate remedy under R.C.M. 1947, section 84-4502 et seq., to pay the tax under protest and bring a suit to recover it.

R.C.M. 1947, sections 93-8902, 93-8903 and 93-8904, enumerate certain questions which may be determined by declaratory judgments, and then section 93-8905 provides: "The enumeration in sections 93-8902, 93-8903 and 93-8904 does not limit or restrict the exercise of the general powers conferred in section 93-8901, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." Section 93-8912 provides that the Act shall be liberally construed.

In Anderson on Declaratory Judgments, section 292, page 673, it is stated: "A declaratory action, it seems, will lie at the instance of either a tax collector or taxpayer to test the right of the taxpayer's exemption from taxes. The matter of whether or not a taxpayer is entitled to exemption, by reason of its charitable character, has frequently been determined in declaratory actions." To the same general effect is Borchard, Declaratory Judgments, 2nd Ed., page 831.

It was proper to adjudicate the question in a declaratory judgment proceeding as to whether the property leased to the school district was exempt from taxation.

Appellants contend that it is not proper or competent to make the state or its subdivisions a party to such an action in view of Bayshore Sanitary Dist. v. San Mateo County, 48 Cal. App. (2d) 337, 119 Pac. (2d) 752. This court has taken a contrary view. Brophy Coal Co. v. Matthews, 125 Mont. 212, 233 Pac. (2d) 397.

Coming then to the merits of the case, the question of whether

the property is exempt from taxation depends upon our Constitution and statutes.

Section 2, Article XII, of our Constitution provides that property, when owned by the state or its named political subdivisions, shall be exempt from taxation, and also that "such other property as may be used exclusively * * * for educational purposes * * * may be exempt from taxation."

The permission granted to the legislature to exempt property embraced in the second part of section 2, Article XII, has been exercised by what is now R.C.M. 1947, section 84-202. Cruse v. Fischl, 55 Mont. 258, 175 Pac. 878; Montana Catholic Missions v. County of Lewis and Clark, 13 Mont. 559, 35 Pac. 2, 22 L.R.A. 684. Under the second part of section 2, Article XII, ownership of the property is of no importance. It is exempt from taxation if it is used exclusively for educational purposes.

Defendants contend that the "use" must be made by the owner of the property and not by the lessee and that so far as the owner of the property is concerned it is using the property for rental purposes and is not entitled to the exemption. This contention overlooks the fact that it is the school district that must pay the tax, if the property is not exempt from taxation. The purpose in creating the exemption was to promote and encourage the cause of education.

This same question under a constitutional exemption substantially the same as the exemption provided for in our Constitution and statute was under consideration in Ross v. City of Long Beach, 24 Cal. (2d) 258, 148 Pac. (2d) 649, 651, and the Supreme Court of California held that the exemption applied to property used exclusively for school purposes though owned by a private owner and leased for school purposes. The court reasoned that with the tax exemption "the school district is able to rent property for a lower rental than the owner of the same property would be willing to accept from a private individual."

That case was condemned as unsound in principle by the Supreme Court of Oregon in Allen v. Multonomah County, 179

Or. 548, 173 Pac. (2d) 475. The courts throughout the country are not in agreement on this question under constitutional and statutory provisions exempting property from taxation when "used" for tax exempt purposes. Some follow the Ross case regardless of the payment of rent by the lessee to the owner for the use of the property. They are listed in the annotation in 157 A.L.R. 867, and need not be reported here. In addition to the cases there cited, the case of Cox v. Dillingham, 109 Okl. 161, 184 Pac. (2d) 976, also so holds.

Some courts take the view that the property is exempt when ▮ used by the lessee only if the owner does not derive any economic advantage from the lease. Cases so holding are listed in 157 A.L.R. at page 868. Other courts take the view that if a substantial rental is paid so that it can be said that the owner leases it for gain and profit the property is not exempt from taxation. They are listed on page 869 of 157 A.L.R. Whichever view we might adopt as the law in this state, the property here involved would be exempt from taxation. The improvement company is not deriving any economic advantage from the lease of the building. It does not lease the property to the school district for gain or profit. It is not obtaining what can be classified as substantial rental. It merely seeks to get back its investment but without profit. It does not aim to even obtain interest on the money invested, nor does it obtain reimbursement for insurance premiums paid by it.

In order to carry out the purpose of the exemption we hold the property here involved is exempt from taxation. The school district would be obliged to pay the tax under its contract with the improvement company, and, hence, the purpose of the Constitution and statute would be frustrated were we to hold this property taxable.

The court was right in holding the property exempt from taxation unless the next contention of appellant has merit. Appellants contend that if the property in question be regarded as used for educational purposes within the meaning of our Constitution and statute, it is not so used "exclusively" since the

418

theatre part of the building is concededly not so used, and appellants contend that the three units comprise but one building so far as the question of taxation is concerned. This contention cannot be sustained.

"By the great weight of authority, a statute which in effect exempts from taxation property or buildings used for certain purposes authorizes a partial exemption of a building in case the building is used in part for exempt purposes and in part for nonexempt purposes." Annotation, 159 A.L.R. 685, at page 687, and cases there cited.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES ANDERSON, DAVIS, and BOTTOMLY, concur.