No. 12599

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

MONTANA DEACONESS HOSPITAL,
A NON-PROFIT CORPORATION, and
PICKER CORPORATION, a New York
Corporation,

Plaintiffs and Respondents,

-vs-

CASCADE COUNTY, a body politic of
the State of Montana et al.,

Defendants and Appellants.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellants:

J. Fred Bourdeau, County Attorney, Great Falls, Montana
Michael T. Greely, Deputy County Attorney, argued,
Great Falls, Montana

For Respondents:

Church, Harris, Johnson and Williams, Great Falls,
Montana
Earl J. Hanson argued, and Robert P. Goff argued,
Great Falls, Montana

For Amicus Curiae:

Cure and Borer, Great Falls, Montana

---

Submitted: March 20, 1974

Decided: APR 17 1974

Filed: APR 17 1974

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action to recover taxes paid to the defendant Cascade County on certain personal property used exclusively for hospital purposes under a lease agreement between the plaintiffs. The Hon. R. J. Nelson, district judge, granted plaintiffs' motion for summary judgment. From this judgment, the County appeals.

Plaintiff, Montana Deaconess Hospital, is a nonprofit hospital in Great Falls, Montana. The hospital leased certain X-ray equipment from the coplaintiff, Picker Corporation, under an agreement for a stipulated monthly rental. In addition the hospital was required to reimburse the Picker Corporation for any taxes assessed on the equipment. This X-ray equipment was used exclusively for hospital purposes.

On March 29, 1972, the Cascade County treasurer issued a personal property tax statement for the year 1972 to Picker Corporation in the amount of $10,839.96. Included in the statement was an amount of $8,004.62 assessed upon said equipment leased by Picker Corporation to the hospital. Picker Corporation, believing said taxes to be due, paid the full amount to Cascade County. Subsequently they requested reimbursement from the hospital pursuant to the terms of the lease.

On July 12, 1972, both the hospital and Picker Corporation petitioned the Cascade County commissioners for a refund of the tax on the grounds that the hospital was a nonprofit corporation and the property was exempt from taxation under section 84-202, R.C.M. 1947. The petition was filed in accord with section 84-4176, R.C.M. 1947.

The Board of County Commissioners denied the petition, and subsequently plaintiffs filed this complaint for refund in district court on October 4, 1972. Plaintiffs' motion for summary judgment was granted on August 2, 1973. From this judgment the

- 2 -

County has filed this appeal.

In addition to the parties to this appeal, the Sisters of Charity of Providence of Montana, owners and operators of the Columbus Hospital in Great Falls, appeared as amicus curiae by way of brief and oral argument.

The sole issue presented for review is whether personal property leased by a nonprofit hospital and used exclusively for hospital purposes is exempt from taxation even though the lessor, a private profit corporation, received a profit from said lease.

The pertinent statute involved in this action is section 84-202, R.C.M. 1947, which was enacted by the legislature pursuant to authority of Article XII, section 2 of the 1889 Montana Constitution, now Art. VIII, section 5 of the 1972 Constitution. Section 84-202 grants tax exemptions for certain classes of property. That section states in part:

> "The property of the United States, the state, counties, cities, towns, school districts, municipal corporations, public libraries, * * * such other property as is used exclusively for agricultural and horticultural societies, for educational purposes, places of actual religious worship, hospitals and places of burial not used or held for private or corporate profit * * * are exempt from taxation * * *." (Emphasis added.)

The hopsital and Picker Corporation's argument is that the statute exempts, among others, two classes of property from taxation: property owned by certain specified entities and property used for certain specific purposes. In the first class of exemptions all property owned by governmental entities is exempt from taxation, regardless of the manner of its use. The second class of property exempted by the statute is property used exclusively for specific purposes, including use for hospital purposes by nonprofit hospitals. They argue that the statutory exemption is not dependent upon ownership but exempts all property used exclusively for hospital purposes by a nonprofit hospital.

- 3 -

It is the County's contention that every claim for exemption from taxation should be denied unless the exemption is granted so clearly as to leave no room for any fair doubt. Cruse v. Fischl, 55 Mont. 258, 175 P. 878. The County argues that the language of section 84-202, R.C.M. 1947 is not clear and could be subject to several interpretations. The County contends that while the nonprofit hospitals themselves are clearly exempt from taxation, nothing contained in section 84-202 exempts all property used exclusively for hospital purposes regardless of the commercial profit that may be derived from such property. The County argues that in the instant case Picker Corporation owns the property in question and derives a significant profit from the property. The County further contends that section 84-202 contains a strong legislative intent to prohibit exemptions where corporate or private profit is realized; thus, said X-ray equipment under lease to the hospital is a taxable interest in personal property. Allen v. Multnomah County, 179 Or. 548, 173 P.2d 475; Ross v. City of Long Beach, 24 Cal.2d 258, 148 P.2d 649.

This same question was under consideration in N.W. Imp. Co. v. Rosebud Co., 129 Mont. 412, 288 P.2d 657. There this Court discussed the various views on the subject matter and demonstrated the split of authority throughout the country. That case, however, may be distinguished. In N.W. Imp. Co., unlike the instant case, the Court found that the private company that was leasing property to the exempt school district was not deriving any economic advantage from the lease of the building. The rental on the lease agreement was so adjusted that at the end of its estimated life the private company would have returned to it only the actual cost of construction without any interest.

Although N.W. Imp. Co. is thus distinguishable, the

reasoning used in that case may be extended to exempt from taxation the property in question here. This we believe to be in accord with the legislative intent of section 84-202, R.C.M. 1947.

It is a well accepted principle of statutory construction that the function of the Court is to interpret the intention of the legislature, if at all possible, from the plain meaning of the words used, and if the meaning of the statute can be determined from the language used, the Court is not at liberty to add or detract language from the statute in question. Sections 93-401-15, 93-401-16, R.C.M. 1947; Nice v. State Board of Equalization, 161 Mont. 448, 507 P.2d 527, 30 St.Rep. 284.

The fact that the statute creates several classes of exemptions, based in one case on "ownership" and in the other case upon "use", reveals a clear legislative intent to exclude "ownership" of property as a criterion in determining the applicability of the exemption to property "used exclusively for hospitals". To require that hospitals own the property, in addition to the requirement that they use the property only for hospital purposes, would necessitate inserting the words "owned by" or words of similar import, so that the relevant clause would read "property owned by and used exclusively for * * * hospital purposes." To insert these suggested words into this statute would give to it an added meaning not to be found in the plain and unambiguous language of the statute. See Ross v. City of Long Beach, 24 Cal.2d 258, 148 P.2d 649; Scott v. Society of Russian Israelites, 59 Neb. 571, 81 N.W. 624.

The legislative purpose in creating the tax exemption appears to be lower costs of hospital care, which in turn means lesser expenses for patients. To deny the exemption here would add an additional expense to the rental price already paid for

the equipment.  If the equipment here is taxable to Picker Corporation it is reimbursable to them by the hospital whose patients would bear the taxes in the form of increased hospital charges.  This would be directly contrary to the purpose of the exemption.

For these reasons the judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices