S. J. GROVES & SONS COMPANY, Plaintiff-Appellant, *v.* THE STATE OF ILLINOIS, Defendant-Appellee.

Third District    No. 81-349

Opinion filed January 28, 1982.

Theodore T. Davis and Thomas C. Clark, both of S. J. Groves & Sons Company, of Minneapolis, Minnesota, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff Groves, a road contractor, brought suit against the State of Illinois in the circuit court of Peoria County for breach of contract. The State moved to dismiss on the grounds of sovereign immunity, claiming that Groves' sole recourse is in the State Court of Claims. The trial judge granted the State's motion and dismissed the complaint. This appeal resulted. We reverse.

The question is not: Does sovereign immunity exist in the abstract? Of

course it does. The concept of sovereign immunity in its various aspects has existed for hundreds of years. Neither the trial judge nor this court has been asked to overturn the doctrine as a legal concept. Rather, the question presented is: Does sovereign immunity exist in this concrete situation? It is Groves' claim that the doctrine does not bar suit in this instance because the State has consented to be sued by entering into a validly authorized contract with plaintiff. We agree.

In order for a contract to exist at all, there must be mutuality. That means the contract must be enforceable by both contracting parties. The State's claim that they can sue on a contract but not be sued in return is untenable. Such assertion negates the existence of a contract since it posits a situation that would be utterly lacking in mutuality.

■■■ Statutory law authorizes the State to enter into contracts for the construction of highways. (Ill. Rev. Stat. 1979, ch. 121, par. 4—201.4.) That means binding contracts, not mere nudum pactums unenforceable by either party. When the State enters into a contract with a private party, it is acting in a business or proprietary capacity. In so doing, it lays aside whatever privilege of sovereign immunity it otherwise possesses and binds itself to performance, just as any private citizen would do by so contracting. Just as certainly as the State expects faithful performance and fair dealing from the other contracting party, so too must the State meet its obligations. The State can and does seek redress in the courts to enforce contracts against others. That recourse is mutual. To hold otherwise would be to ascribe bad faith and shoddy dealing to the State.

As was so cogently put by the Supreme Court of Indiana in 1891:

> "In entering into the contract it (the state) laid aside its attributes as a sovereign, and bound itself substantially as one of its citizens does when he enters into a contract. Its contracts are interpreted as the contracts of individuals are, and the law which measures individual rights and responsibilities measures, with few exceptions, those of a state whenever it enters into an ordinary business contract * * *. The principal that a state, in entering into a contract, binds itself substantially as an individual does under similar circumstances, necessarily carries with it the inseparable and subsidiary rule that it abrogates the power to annul or impair its own contract. It cannot be true that a state is bound by a contract, and yet be true that it has power to cast off its obligations and break its faith, since that would invoke the manifest contradiction that a state is bound and yet not bound by its obligation. * * *" (*Carr v. State* (1891), 127 Ind. 204, 26 N.E. 778, 779.)

In accord, South Carolina: 1978, *Kinsey Construction Co. v. South Carolina Department of Mental Health*, 272 S.C. 168, 249 S.E.2d 900; Oklahoma: *State Board of Public Affairs v. Principal Funding Corp.*, 542 P.2d

503; North Carolina: 1976, *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412; Iowa: 1973, *Kersten Co. v. Department of Social Services*, 207 N.W.2d 117; Missouri: 1972, *DiCarlo Construction Co. v. State*, 485 S.W.2d 52; New Jersey: 1972, *P.T.&L. Construction Co. v. Commissioner, Department of Transportation*, 60 N.J. 308, 288 A.2d 574; Kentucky: 1960, *Humphreys v. J. B. Michael Co.*, 341 S.W.2d 229; Idaho: 1968, *Grant Construction Co. v. Burns*, 92 Idaho 408, 443 P.2d 1005; Delaware: 1964, *George & Lynch, Inc. v. State*, 197 A.2d 734; California: 1962, *Souza & McCue Construction Co. v. Superior Court*, 57 Cal. 2d 508, 370 P.2d 338, 20 Cal. Rptr. 634; Colorado: 1957, *Ace Flying Service, Inc. v. Colorado Department of Agriculture*, 136 Colo. 19, 314 P.2d 278; Montana: 1954, *Meens v. State Board of Education*, 127 Mont. 515, 267 P.2d 981; Georgia: 1934, *Regents of University System of Georgia v. Blanton*, 49 Ga. 602, 176 S.E. 673; Michigan: 1943, *Hersey Gravel Co. v. State Highway Department*, 305 Mich. 333, 9 N.W.2d 567.

The Illinois cases cited by the State in support of its claim of sovereign immunity here are distinguishable because they sound in tort rather than contract. In England, so far as we are able to determine, sovereign immunity has never existed in contract—only in tort. Illinois, by statute, has adopted the common law of England. (Ill. Rev. Stat. 1979, ch. 1, par. 801.) And our 1970 Constitution has abolished sovereign immunity "except as the General Assembly may provide by law * * *." (Ill. Const. 1970, art. 13, §4.) Arguably in conflict with the above case and statutory authority and analysis is the statute which gives the Illinois Court of Claims exclusive jurisdiction to hear claims against the State which are founded upon contract. (Ill. Rev. Stat. 1979, ch. 37, par. 439.8.) We find such attempted allocation of contract claims to be contrary to the statute authorizing the State to enter into binding contracts. Since it cannot be doubted that the General Assembly intends that the State have authority to enter into binding contracts, this statute assigning contract claims exclusively to the Court of Claims cannot be given effect.

The Illinois Court of Claims is, in reality, not a court at all. It most nearly resembles a committee of the General Assembly. It is an administrative agency. Its recommendations are not binding. Like any bill, both the General Assembly and the Governor must approve its awards before they are final. Its decisions are not appealable. It is not limited to legally admissible evidence or judicial rules of procedure.

More significant than all of the above, however, is that the attempted allocation of jurisdiction to the Court of Claims is one-sided. That is to say, only claimants against the State must resort to the Court of Claims. The State may bring suit in the circuit court but may not be so sued. That is the real inequity. That is the initial injustice. That is why the statute is fundamentally faulty. There is a lack of equality and of mutuality. The

statute is not even-handed. It attempts too much but does too little. Had the statute relegated both sides of contract actions involving the State to the Court of Claims as a mutual assignment applicable to both parties, a different argument would be presented, albeit still involving some substantial due-process-of-law questions. However, that is not the situation that we have. Accordingly, the assignment attempted cannot be given efficacy. The contracting plaintiff is not to be denied his day in court merely because the State is a party to the contract. The decision of the trial court which dismissed the complaint is therefore reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

STOUDER, J., concurs.

JUSTICE BARRY, dissenting:

The majority opinion relies upon the many cases holding that a State waives its right to governmental immunity when it binds itself in the same manner as an individual upon entering into a contract. (See, *e.g., Grant Construction Co. v. Burns* (1968), 92 Idaho 408, 443 P.2d 1005, and the cases cited therein.) However, it is my view that such cases are not relevant to this appeal because Illinois abolished the common law doctrine of sovereign immunity and specifically limited the doctrine to immunities created by statute. The Illinois Constitution of 1970, article XIII, section 4, provides as follows:

"Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

The General Assembly implemented this constitutional exception by reenacting the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.1 *et seq.*), which provides, in part, that the Court of Claims has exclusive jurisdiction to hear and determine all claims against the State "founded upon any contract entered into with the State of Illinois." (Ill. Rev. Stat. 1979, ch. 37, par. 439.8.) Since the terms of the Constitution and the Court of Claims Act quite clearly limit plaintiff to the statutory remedy provided by the court of claims procedure, the sole issue to be determined in this case is whether the Court of Claims Act is constitutional. I believe the circuit court properly dismissed the complaint, not because of the common law doctrine of sovereign immunity, but by proper application of the statutory provision limiting plaintiff to a single remedy in an action against the State. The common law doctrine of sovereign immunity is not involved in this case, and neither is the claim that the State waived its immunity when it entered into a contract. The legislature has provided that a party contracting with the State has recourse only to the Court of

Claims, and any one contracting with the State does so subject to that limitation. Therefore, those cases from other jurisdictions which found an implied consent to be sued where the State entered into an authorized contract are not applicable to the instant cause. Implied consent to be sued cannot be found where, as here, the legislature has expressly provided to the contrary.

Plaintiff also contends that the Court of Claims Act is unconstitutional upon several different grounds, including that it denies plaintiff the right to due process, right to a jury trial, right to appeal, and the right to equal protection; that it takes property without just compensation; that it violates the separation of powers doctrine; and that it denies the right to a remedy for every injury. Most of these contentions have previously been considered by the Illinois Supreme Court in the case of *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537, where six negligence actions were filed against the State by persons claiming to have been injured by the negligence of State employees or agents. Our supreme court held that the actions were barred by the Court of Claims Act and that the Act was constitutional. In its decision the court ruled as follows: (1) that the Act did not violate the right to a trial by jury since such right does not apply to statutory proceedings unknown to the common law; (2) that neither equal protection nor due process were violated by the failure to provide a right to a jury trial, a right to appeal, or a right to subpoena or cross-examine witnesses since Court of Claims proceedings are not judicial proceedings; and (3) that the separation-of-powers provision of the Illinois Constitution was not violated. Although the majority would distinguish *Seifert* on the ground that it involved tort actions, not contract, I think this is a distinction without a difference as to these constitutional issues.

Plaintiff argues that it was deprived of its property without due process of law by being denied a right to sue the State in a court of law where the State breached a contract. Plaintiff's position is in part based upon its further assertion that the Court of Claims is not a meaningful remedy, and the majority agrees. However, this position presupposes a right to a judicial remedy for every wrong. Such right does not exist. The legislature has provided a nonjudicial remedy for the orderly resolution of claims against the State, and that remedy is sufficient to meet the requirements of the Illinois and Federal constitutions. As was noted in *Seifert*, the imposition of limitations upon statutory remedies does not infringe upon the constitutional right to a remedy. The speculation that a remedy may not do equity in every case is not grounds for invalidating the statute creating that remedy.

In a related argument, plaintiff suggests that the failure to permit a suit against the State for breach of contract amounts to a taking of private property without just compensation in violation of the fifth amendment

of the United States Constitution. Again I believe that an adequate means of compensation is provided in such cases and that the Constitution does not guarantee a judicial remedy.

Since plaintiff's contentions concerning the unconstitutionality of the Court of Claims Act were disposed of by the Illinois Supreme Court's ruling in *Seifert*, I would affirm the order of the Circuit Court of Peoria County.