No. 86-324

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JANICE PAULSEN,

      Claimant and Appellant,

  -vs-

BONANZA STEAK HOUSE, Employer,

    and

CRAWFORD AND COMPANY,

      Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kelleher Law Office; Robert L Kelleher, Jr, Billings,
Montana

    For Respondent:

        Crowley Law Firm; William J Mattix, Billings, Montana

---

Submitted on Briefs: Oct. 23, 1986

Decided:  January 27, 1987

Filed: JAN 27 1987

_Ethel M. Harrison_
Clerk

(1) The amount of an attorney's fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers' compensation judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state.

(2) This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of the attorney. However, an amount equal to any fee and costs assessed against an employer or insurer under 39-71-611 or 39-71-612 and this section must be deducted from the fee an attorney is entitled to from the claimant under a contingency fee arrangement.

Attorney Norman Grosfield of Helena authored the bill that subsequently became § 39-71-614, MCA. Grosfield primarily practices in the workers' compensation field and was chief legal counsel and then administrator of the Workers' Compensation Division from 1975-79. During his tenure as administrator, Grosfield was directly involved in the assessment of attorney fees against insurance carriers. Assessments at that time were made on an hourly basis and were in line with what the Division thought was the customary fee charged by the legal profession in the state of Montana. Grosfield testified that the bill was aimed at addressing this Court's decision in Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696. In Wight,

3

attorney fees were assessed against an insurance carrier based on the time incurred by the claimant's attorney and a proper hourly amount as determined by the Workers' Compensation Court. We found that the procedure used by the Workers' Compensation Court was improper and held that the court should base the assessment of attorney fees on the contingency fee contract between the claimant and his attorney. Grosfield's intent was to reinstate the procedure employed prior to Wight in an effort to hold down the costs of workers' compensation and to prevent a severe backlash by the legislature.

As to the hourly fee to be applied, subsection (1) of § 39-71-614, MCA, says that "The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state." Grosfield testified that the statute granted the workers' compensation judge an opportunity to calculate the appropriate hourly amount based on the judge's knowledge of the charging of legal fees in the state of Montana. Grosfield's remark is not an accurate reflection of the final version of the statute. The fee is to be based on what the individual attorney has established as his customary and current hourly fee, not on what is recognized as a reasonable hourly fee by lawyers in the state of Montana. We adopted this view in Gullett v. Stanley Structures (Mont. 1986), 722 P.2d 619, 43 St.Rep. 1335.

As expected, Grosfield encountered several questions about the bill's effect. We refer to Grosfield's deposition testimony.

> Q. The third question raised was whether the bill would prevent a claimant's attorney from obtaining a windfall fee in cases involving large amounts of money.

4

What prompted you to raise and address that question?

A. My concern was that Workers' Compensation cases can, anymore, involve substantial amounts of money; and with larger and larger awards, if the Wight decision continued in effect it would amount to larger and larger assessments of attorney fees against insurance carriers, which would have the ultimate effect of substantially increasing the costs to the employer in the State of Montana, which costs are rising, in my opinion, inordinately. That was the primary intent of the bill, to prevent the substantial assessments of attorney fees against insurance carriers in the larger cases.

Q. Does the bill prevent a claimant's attorney in such cases from collecting a contingency fee?

A. No.

Q. Why is that?

A. The bill specifically provides that a claimant's attorney may charge a fee based on the contingency contract, but any amount awarded or assessed against an insurance carrier shall be deducted from the total attorney fee that is received by the attorney.

Q. The fourth question that you raised and addressed is whether the bill would assist claimants involving small amounts of disputed monies. Why, again, did you raise and address that question?

A. There are situations in which there are relatively minor amounts of money involved; and in fact in the particular case before the Court, I would consider that particular case involving a relatively small amount of money. But there are situations where insurance

5

carriers refuse to pay the small amount in medical costs, etc.; and if one were to strictly apply the Wight case, it would have the reverse effect in assisting claimants in receiving proper representation. There are appropriate situations where I can see the award of attorney fees against an insurance company could even be larger than what the actual recovery was, and I've had situations like that. So in granting an attorney fee based on an hourly amount, it encourages attorneys to take those issues before the Court if they know that they are going to get something other than the contingency fee amount if they are successful. (Emphasis added.)

In this case, claimant's attorney, Robert Kelleher, Jr., failed to establish that his customary and current hourly fee was $125. Kelleher testified that he set the $125 hourly fee in direct response to the enactment of § 39-71-614, MCA. In the absence of a standard by which to set Kelleher's fee under the statute, the Workers' Compensation Judge concluded that a $70 hourly fee was appropriate:

The $70 per hour figure yields an attorney fee in this case of $3,318.50 ($70 times 54.55 hours). This amount is roughly three times greater than what claimant's counsel could have expected to earn under a contingency fee agreement. Under a contingency award, claimant's counsel would have earned $20.78 per hour. Clearly, this amount would not adequately compensate him for the energy expended in pursuing this matter. However, it is an indication that the $70 figure is a reasonable one, and that the $125 per hour fee requested by claimant's counsel would not be justified under the facts of this case.

6

The judge did the best he could with the situation presented to him. In future cases, the hourly fee the Workers' Compensation Judge applies to the time spent should be based on the individual attorney's current and customary hourly fee as established by that particular attorney.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, specially concurring:

I concur with the majority and add the following:

In this case, the Workers' Compensation Court accepted, or at least relied heavily on, the testimony of Norman Grosfield, that the usual and customary fees assessed in Montana by Montana lawyers was the yardstick to which the Workers' Compensation Court was bound in fixing the attorney fees in this case.

In leading the Workers' Compensation Court to use the usual and customary fees of other lawyers, Grosfield misinterpreted or misapprehended what the legislature intended in adopting the 1985 revisions to § 39-71-612, MCA.

Grosfield testified in deposition before the Workers' Compensation Court:

> The intent in drafting the bill and the intent as expressed by myself to the legislature as the primary author was exactly the opposite, to correct what I perceived as a problem in the Wight decision and to reinstate the system that existed previously. That would provide for an assessment of attorneys fees based on customary attorneys fees charged in Montana by Montana lawyers.

Grosfield Deposition, at 21.

Whatever Grosfield intended in drafting the bill, his intention was not followed by the legislature. Instead, the legislature eliminated from the bill any consideration of hourly fees recognized by the legal profession.

The 1985 amendments to § 39-71-612, MCA, are contained in Ch. 575, Laws of Montana (1985). The amendments originated in H.B. 778, authored, as we are told, by Grosfield, who was intent that contingent attorney fees contracts should not be the basis of attorney fees awards in compensation cases, especially large awards.

- 8 -

The central paragraph of Grosfield's bill as first proposed and introduced in the House during the 1985 Legislature Session said:

> . . . (1) The amount of an attorney's fee assessed against an employer or insurer under 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers' compensation judge. The attorney must document the time spent and give the documentation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent <u>must be based on a customary and current hourly fee recognized by the legal profession as a reasonable hourly fee for legal work performed in this state.</u> (Emphasis added.)

Introduced Bill H.B. 778 (1985 session).

The language underlined above in Grosfield's proposed bill was not accepted by the legislature. It refused the concept of applying the usual and customary fees of <u>other attorneys</u>. Instead, the legislature revised the offered bill to read as follows:

> . . . (1) The amount of an attorney's fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers' compensation judge. The attorney must document the time spent and give the documentation to the judge. The judge shall determin a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent <u>must be based on the attorney's customary and current hourly fee for legal work performed in this state.</u>

Reference H.B. 778.

The language underlined above is what the legislature inserted in place of the language that Grosfield had profferred. It is clear that the legislature recognized that

the matter of attorney fees charged by individual attorneys is largely subjective; that such fees vary from lawyer to lawyer; that factors in determining those fees include age, experience, ability, and the availability of the attorney to perform the kind of legal work involved.

In construing statutes, the court must give effect to the legislative will, if possible, and not defeat that will. State ex rel. School District No. 8 v. Lensman (1939), 108 Mont. 118, 88 P.2d 63. If no ambiguity exists in the statute, the letter of the law will not be disregarded under the pretext of pursuing its spirit. Vaughn & Ragsdale Company v. State Board of Equalization (1939), 109 Mont. 52, 96 P.2d 420. A court cannot give effect to supposed unexpressed intentions, in a legislative act, merely to find a basis for a certain construction of an act. State v. J. C. Maguire Construction Company (1942), 113 Mont. 324, 125 P.2d 433. The function of the court with respect to statutory construction is to interpret the intention of the legislature, if at all possible, from the plain meaning of the words, and if the meaning of the statute can be determined from the language used, the court is not at liberty to add to or detract from the language of the statute. Montana Deaconess Hospital v. Cascade County (1974), 164 Mont. 256, 521 P.2d 203. While it is a general rule that it is the duty of the court to ascertain the intention of the legislature, if possible, and construe the act with reference to that intention, it is equally true that the intention must be gathered from the language employed by the lawmakers and not from street rumors. State ex rel. Murray v. Walker (1922), 64 Mont. 215, 228, 210 P. 90.

Nonetheless, the Workers' Compensation Court was correct in deciding that Kelleher did not provide the court with adequate evidence on which to base his customary fee for

these cases. The legislature created the dilemma by adopting Grosfield's bill, an anomaly and an impossibility for a lawyer whose compensation work is limited to representing claimants based on a contingent fee. As attorney Prindle testified in this case, it is impossible for a court to equate an hourly fee basis with a contingent fee basis. The two are simply not comparable. It behooves this Court then, in that situation, to give sustenance to the efforts of the legislature to limit fees by suggesting to the Workers' Compensation Court types of evidence that it should consider.

The evidence on fees should be related solely to the attorney or firm handling the worker's claim. Pertinent factors to be considered should include the experience of the attorney in the field, and the complexity of the claim. The attorney should document for the Workers' Compensation Court the claimed hourly fee by supplying to the court figures that would represent his annual overhead in handling legal business; his justifiably expected annual income from the legal business; and the number of annual billable hours that the attorney normally would apply to the legal business. Using such figures, the Workers' Compensation Court could determine, in its discretion, a proper hourly fee to be awarded. Other methods or evidence may suggest themselves to the Workers' Compensation Court or to attorneys, but in all cases, the methods or evidence should relate to the "attorney's customary or current hourly fee" for his services. Evidence of what other lawyers charge is irrelevant to the inquiry. Norm's norm is not the norm in this case.

John Q. Sheehy
_____
Justice

Mr. Justice Frank B. Morrison, Jr.:
    I concur with Justice Sheehy.

_____
Justice

- 11 -

Mr. Justice William E. Hunt, Sr. concurring:


I concur in the result reached by the majority and by Justice Sheehy in his special concurrence. But I am perplexed by what seems to be objection to considering the testimony of Norman Grosfield, an experienced practitioner of Workers' Compensation law, who was counsel and later administrator of the Montana Workers' Compensation Division, the state agency that oversees the entire Workers' Compensation program in Montana. In addition to that experience, the witness testified that since entering private practice, 80% of his work was and is Workers' Compensation law primarily representing claimants.

Grosfield testified by deposition and was subject to cross-examination. His testimony was considered by the Workers' Compensation judge who, in his analysis said:

> Since Mr. Grosfield's opinion testimony was not answered by other countervailing deposition testimony, claimant's counsel has failed to carry his burden of proof and has not prepondered on the reasonableness of the heightened hourly rate originally requested.

Further, the judge said:

> While this court is not bound by Mr. Grosfield's opinion as to what would be a reasonable hourly rate for any given attorney in this case, the Court finds the $70 figure to be a valid one.

This conclusion seems to me to be in line with § 39-71-614, MCA, which says, "The judge is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state."

12

In my opinion the judge was correct in considering the opinion of this expert.

William E. Hunter
Justice

13