MR. JUSTICE SHEEHY,
specially concurring:
I concur with the majority and add the following:
In this case, the Workers’ Compensation Court accepted, or at least relied heavily on, the testimony of Norman Grosfield, that the usual and customary fees assessed in Montana by Montana lawyers was the yardstick to which the Workers’ Compensation Court was bound in fixing the attorney fees in this case.
In leading the Workers’ Compensation Court to use the usual and customary fees of other lawyers, Grosfield misinterpreted or misapprehended what the legislature intended in adopting the 1985 revisions to Section 39-71-612, MCA.
*196 Grosfield testified in deposition before the Workers’ Compensation Court:
“The intent in drafting the bill and the intent as expressed by myself to the legislature as the primary author was exactly the opposite, to correct what I perceived as a problem in the Wight decision and to reinstate the system that existed previously. That would provide for an assessment of attorneys fees based on customary attorneys fees charged in Montana by Montana lawyers.”
Grosfield Deposition, at 21.
Whatever Grosfield intended in drafting the bill, his intention was not followed by the legislature. Instead, the legislature eliminated from the bill any consideration of hourly fees recognized by the legal profession.
The 1985 amendments to Section 39-71-612, MCA, are contained in Ch. 575, Laws of Montana (1985). The amendments originated in H.B. 778, authored, as we are told, by Grosfield, who was intent that contingent attorney fees contracts should not be the basis of attorney fees awards in compensation cases, especially large awards.
The central paragraph of Grosfield’s bill as first proposed and introduced in the House during the 1985 Legislature Session said:
“. . . (1) The amount of an attorney’s fee assessed against an employer or insurer under 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers’ compensation judge. The attorney must document the time spent and give the documentation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on a customary and current hourly fee recognized by the legal profession as a reasonable hourly fee for legal work performed in this state. (Emphasis added.)”
Introduced Bill H.B. 778 (1985 session).
The language underlined above in Grosfield’s proposed bill was not accepted by the legislature. It refused the concept of applying the usual and customary fees of other attorneys. Instead, the legislature revised the offered bill to read as follows:
“. . . (1) The amount of an attorney’s fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers’ compensation judge. The attorney must document the time spent and give the documen *197 tation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney’s customary and current hourly fee for legal work performed in this state.”
Reference H.B. 778.
The language underlined above is what the legislature inserted in place of the language that Grosfield had proffered. It is clear that the legislature recognized that the matter of attorney fees charged by individual attorneys is largely subjective; that such fees vary from lawyer to lawyer, that factors in determining those fees include age, experience, ability, and the availability of the attorney to perform the kind of legal work involved.
In construing statutes, the court must give effect to the legislative will, if possible, and not defeat that will. State ex re. School District No. 8 v. Lensman (1939), 108 Mont. 118, 88 P.2d 63. If no ambiguity exists in the statute, the letter of the law will not be disregarded under the pretext of pursuing its spirit. Vaughn & Ragsdale Company v. State Board of Equalization (1939), 109 Mont. 52, 96 P.2d 420. A court cannot give effect to supposed unexpressed intentions, in a legislative act, merely to find a basis for a certain construction of an act. State v. J.C. Maguire Construction Company (1942), 113 Mont. 324, 125 P.2d 433. The function of the court with respect to statutory construction is to interpret the intention of the legislature, if at all possible, from the plain meaning of the words, and if the meaning of the statute can be determined from the language used, the court is not at liberty to add to or detract from the language of the statute. Montana Deaconess Hospital v. Cascade County (1974), 164 Mont. 256, 521 P.2d 203. While it is a general rule that it is the duty of the court to ascertain the intention of the legislature, if possible, and construe the act with reference to that intention, it is equally true that the intention must be gathered from the language employed by the lawmakers and not from street rumors. State ex rel. Murray v. Walker (1922), 64 Mont. 215, 228, 210 P. 90.
Nonetheless, the Workers’ Compensation Court was correct in deciding that Kelleher did not provide the court with adequate evidence on which to base his customary fee for these cases. The legislature crated the dilemma by adopting Grosfield’s bill, an anomaly and an impossibility for a lawyer whose compensation work is limited to representing claimants based on a contingent fee. As attorney Prindle testified in this case, it is impossible for a court to *198 equate an hourly fee basis with a contingent fee basis. The two are simply not comparable. It behooves this Court then, in that situation, to give sustenance to the efforts of the legislature to limit fees by suggesting to the Workers’ Compensation Court types of evidence that it should consider.
The evidence on fees should be related solely to the attorney or firm handling the worker’s claim. Pertinent factors to be considered should include the experience of the attorney in the field, and the complexity of the claim. The attorney should document for the Workers’ Compensation Court the claimed hourly fee by supplying to the court figures that would represent his annual overhead in handling legal business; his justifiably expected annual income from the legal business; and the number of annual billable hours that the attorney normally would apply to the legal business. Using such figures, the Workers’ Compensation Court could determine, in its discretion, a proper hourly fee to be awarded. Other methods of evidence may suggest themselves to the Workers’ Compensation Court or to attorneys, but in all cases, the methods or evidence should relate to the “attorney’s customary or current hourly fee” for his services. Evidence of what other lawyers charge is irrelevant to the inquiry. Norm’s norm is not the norm in the case.
MR. JUSTICE MORRISON concurs with MR. JUSTICE SHEEHY.