Blanche DUNCAN and Gerald Dykes,
Plaintiffs in Error,

v.

The STATE HIGHWAY COMMISSION of
the State of Oklahoma, Defendant
in Error.

No. 37442.

Supreme Court of Oklahoma.

May 7, 1957.

Bierer & Moser, Guthrie, for plaintiffs in error.

Roland A. Walters, Jr., Edmond, LeRoy Powers, Oklahoma City, for defendant in error.

JOHNSON, Justice.

Parties herein occupy the same relative positions as in the trial court, and they will be referred to herein as they appeared in the trial court.

The facts in this case are that plaintiffs filed an action against the State Highway Commission to recover damages allegedly sustained through the negligence of highway employees in setting a fire by exhaust sparks of a diesel engine which destroyed or damaged their property. In order to enable them to maintain the action against the Commission, plaintiffs sponsored Senate Joint Resolution Number 33, S.L.1955, page 591, an Act waiving the immunity of the State from liability for damages resulting from tortious acts of its employees; authorizing the bringing of a suit against the State Highway Commission to determine damages allegedly resulting from negligence on the part of employees of said Commission; and directing payment of any judgment rendered for plaintiffs out of the

State Highway construction and maintenance fund. Subsequent to the enactment of this resolution, plaintiffs commenced this action to recover damages.

The defendant filed a demurrer to the plaintiffs' petition wherein they alleged damages caused by the negligence of defendant's employees and the waiver of the State's immunity.

The demurrer, inter alia, challenged the validity or constitutionality of the Special Act as violative of and contrary to the provisions of Article 5, Section 59, of the Constitution of Oklahoma, which contention was sustained. Plaintiffs elected to stand on their petition and appealed from the court's judgment sustaining the demurrer and dismissing the action.

Thus, the question for our determination is the validity of the referred to special Act. If, as held by the trial court, the Act is unconstitutional, the judgment sustaining the demurrer and dismissing the action must be affirmed.

The record discloses that the petition in question was merely a claim for damages to their property resulting from the negligence and carelessness of the employees of the state in setting grass fire by sparks from the engine exhausts, and in no way consequential to the taking, or damaging, of private property for public use, and, therefore, such petition was demurrable under our former holdings in Jack v. State, 183 Okl. 375, 82 P.2d 1033; Ford v. State, 183 Okl. 386, 82 P.2d 1045; Wright v. State, 192 Okl. 493, 137 P.2d 796, which held special acts ineffective under Article 5, Section 59, to validate rights of action for personal injuries and damages resulting from negligence of state employees on the grounds that the acts were special in nature and applicable where a general law should apply, and that the acts purported not only to waive the immunity of the state from suit but attempted to render by special act the state liable for the torts of its agents, servants and employees.

Plaintiffs' argument to the contrary is without merit.

Where a petition discloses on its face, as in the instant case, that the cause of action is based wholly upon a remedy provided by an unconstitutional statute, to sustain a general demurrer thereto does not constitute error. Wright v. State, supra.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD, J., concurs by reason of stare decisis.