STATE of Oklahoma ex rel. Mac Q. WILLIAMSON, Attorney General of the State of Oklahoma, Petitioner,

v.

The SUPERIOR COURT OF SEMINOLE COUNTY, State of Oklahoma, and Bob Aubrey, Judge of the Superior Court of Seminole County, State of Oklahoma, Respondents.

No. 38012.

Supreme Court of Oklahoma.

Feb. 25, 1958.

Rehearing Denied April 1, 1958.

**980**

Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., for petitioner.

Dick Bell, E. J. Sutherland, Seminole, for respondents.

JOHNSON, Justice.

The State of Oklahoma on relation of the Attorney General of the State asks this court to assume original jurisdiction in this matter and to issue a writ of prohibition to the Superior Court of Seminole County, Oklahoma, and the Honorable Bob Aubrey, Judge of said court, commanding said judge thereof not to assert or exercise any further jurisdiction in case number 8653 filed in said court, entitled Norma Ann Tate, now Rich, Plaintiff v. The State of Oklahoma, Defendant.

The respondent also requests that we assume original jurisdiction for the purpose of passing upon the issues, arguing, however, that the Special Act under which they have brought their action is constitutional and that the writ of prohibition should be denied.

The record of the case shows that the cause was commenced by the plaintiff in the Superior Court of Seminole County against the State of Oklahoma, as defendant, to recover damages allegedly resulting to her from a collision which occurred in Pottawatomie County, Oklahoma, between a motor vehicle in which she was a passenger and which was being operated by her husband and a motor vehicle owned by the State of Oklahoma and operated by a state employee, which collision plaintiff alleges resulted from the negligence of the state employee. As a basis for the action against the State of Oklahoma, plaintiff pleads House Bill No. 985 of the 26th Oklahoma Legislature, O.S.L.1957, pg. 681. The sections pertinent to the issues for determination herein read:

"Section 1. Norma Ann Tate, now Rich, is hereby authorized and empowered to institute an action against the State of Oklahoma, summons in said cause to be served upon the Governor, and the venue of action to be in the Superior Court of Seminole County, Oklahoma, for the recovery of damage for personal injury, by reason of the negligence and fault of a State employee, driving and operating a motor vehicle belonging to the State of Oklahoma, to the left of the center of U. S. Highway No. 270, and into the path of the motor vehicle in which the said Norma Ann Tate, now Rich, was a passenger, and thereby causing a head-on collision, and inflicting severe, painful and permanent disfigurement to the head and face and severe, painful and permanent injury and damage to the

body of the said Norma Ann Tate, now Rich. * * *

"Section 3. If Norma Ann Tate, now Rich, recovers judgment against the State of Oklahoma in said suit, the same shall be paid out of the General Revenue Fund of the State of Oklahoma."

The State filed, among other pleadings, a demurrer charging that the petition did not state a cause of action. The demurrer was overruled. The petition admittedly could not be amended so as to more effectively state a cause of action.

Respondent from her pleadings clearly relies on the provisions of the Special Act, O.S.L.1957, pg. 681, supra, as expressly consenting that she sue the State, and also as expressly assuming liability to her for any damages sustained by her by reason of the negligence of the State employee.

It is fundamental that the State cannot be sued in any manner, or upon any liability, constitutional, statutory, or contractual, unless there is express consent thereto. The Act in question authorizes the action against the State, but the Attorney General argues, among other things, that the petition discloses that the action could not be maintained because there was no prior general act applicable to all persons in which the State waived its immunity from liability for the torts of its agents or employees, and that the Act in question (H.B. 985) is unconstitutional because the Act is violative of one, or more, or all of the following provisions of the Constitution of Oklahoma, to-wit: Sec. 46 of Art. 5; Sec. 55 of Art. 5; Sec. 59 of Art. 5; Sec. 10 of Art. 7; Sec. 14 of Art. 10; Sec. 15 of Art. 10 and Sec. 23 of Art. 10, Okl.Const.O.S. 1951.

The respondent challenges the "State immunity from suit rule" announced in Jack v. State, 183 Okl. 375, 82 P.2d 1033. This challenge has supporting authority as will be seen from reading the dissenting opinion in the Jack v. State case, supra, and the recent Florida case of Hargrove v. Town of Cocoa Beach, Fla.1957, 96 So.2d 130. But this court has consistently adhered to the holding of the majority opinion in the Jack v. State case. In the most recent case of Duncan v. State Highway Commission, Okl., 311 P.2d 203, following the Jack case and others cited therein, we said in the first paragraph of the syllabus that:

"Senate Joint Resolution No. 33, S.L.1955, purporting to waive the immunity of the State from suit by particular individuals to recover damages for injuries suffered as a result of the alleged negligence of a State employee, constitutes a special law within the meaning of Sec. 59, Art. 5, Okl.Const., which prohibits the enactment of a special law when a general law can be made applicable and is therefore unconstitutional and void."

The State of Oklahoma, as a sovereignty, is immune from any liability for any torts of any of its officers, agents, or employees, unless it has effectively made itself liable for such torts. The passage of a Special Act, such as H.B. 985, supra, did not effectively remove the State's immunity so as to permit an individual to sue the State. See Jack v. State, supra, and Duncan v. State Highway Commission, supra.

■ The Special Act in question being unconstitutional and void under Sec. 59, Art. 5, Okl.Const., it follows that the court is without jurisdiction to proceed further in the trial of said cause, and therefore we assume original jurisdiction in the matter and in accord with the request for relief, the writ of prohibition is granted.

Other questions are raised in this case, but in view of what we have said herein, we deem it unnecessary to discuss them.

CORN, V. C. J., and HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in the result.