**STATE BOARD OF PUBLIC AFFAIRS,**
State of Oklahoma, et al.,
Appellants,

v.

**PRINCIPAL FUNDING CORPORATION,**
a Delaware Corporation, Appellee.

No. 47590.

Supreme Court of Oklahoma.

Oct. 28, 1975.

504

Larry Derryberry, Atty. Gen., Allen K. Harris, Asst. Atty. Gen., William W. Gorden, Jr., Legal Intern, for appellants.

Robert N. Wilde, Robert E. Miles, Tulsa, for appellee.

IRWIN, Justice.

This is the second time this controversy has been considered by this Court.

Principal Funding Corporation (Appellee) owned certain real property and entered into a written agreement for its rental with the proper State officials. Appellant (State) refused to pay certain installments due under the agreement on the grounds the agreement had been legally terminated pursuant to its terms and it (State) had surrendered possession of the property and appellee had accepted its surrender.

In the first proceeding, appellee commenced an ordinary action at law against State to recover judgment for rentals allegedly due under the lease-rental agreement.

Appellant (State) filed demurrers alleging, inter alia, that it was immune from suit in the absence of an express consent thereto and the trial court had no jurisdiction over it without its express consent to being sued having first being obtained.

The trial court overruled State's demurrers. By entry of a Certified Interlocutory Order, the trial court, in effect, placed in issue before this Court the following question:

"May an ordinary action at law be maintained against the State of Oklahoma for breach of contract without first obtaining the express consent of State to being sued?"

In State ex rel State Board of Public Affairs v. Principal Funding Corporation, Okl., 519 P.2d 503 (1974), we reversed the order of the trial court and held appellee could not maintain an ordinary action at law to collect the rentals allegedly due under the lease-rental agreement without first obtaining State's consent to being sued. However, we did hold that where an individual or entity enters into a valid contract with the proper State officials and a valid appropriation has been made therefor, and the individual or entity performs all the obligations under the terms of the contract, and the State officials wrongfully refuse to pay its legal contractual obligations, an action in mandamus would lie.

On remand, appellee proceeded in mandamus. After hearing, the trial court issued its writ directing State to cause to be issued a warrant for the sums due appellee. State appeals.

In the first proceeding [519 P.2d 503] we cited with approval State ex rel. *Department of Highways v. McKnight,* Okl., 496 P.2d 775 (1972), supporting the proposition that a sovereign state cannot be sued except by express legislative enactment; that the right of the sovereign state to immunity from suit is a public right and must not be treated as relinquished or conveyed away by inference or construction; and that the statutes must clearly permit the state to be sued or the right to do so will not exist.

■ This Court reconsidered its holding in McKnight, supra, in *Schrom v. Oklahoma Industrial Development,* Okl., 536 P. 2d 904 (1975). In *Schrom,* we modified *McKnight,* supra, and cases of similar import, to the extent that when a department of State purchases liability insurance pursuant to Legislative authority, State has consented to being sued and waived its governmental immunity to the extent of the insurance coverage.

■ In *Schrom,* we recognized that unless such rule were followed, an insurer would reap the benefits of the premiums paid without being obligated to pay any damages for which the department was insured. Given our position in Schrom, we must ask if the State, in the proper factual context, can secure to itself the benefits of a contract without assuming the corresponding liabilities?

We find no justifiable reason why the State should secure to itself the benefits of a contract without assuming the corresponding liabilities. In our opinion the doctrine of sovereign immunity should not be applicable in cases where State has entered into a valid contract and an individu-

al or entity seeks redress for breach of the State's contractual obligations. We hold that where a person or entity enters into a valid contract with the proper State officials and a valid appropriation has been made therefor, the State has consented to being sued and waived its governmental immunity to the extent of its contractual obligations and such contractual obligations may be enforced against the State in an ordinary action at law. In reaching this conclusion we specifically modify our holding in State ex rel. *Department of Highways v. McKnight,* Okl., 496 P.2d 775 (1972), and cases of similar import, wherein we, in effect, said that the right of the sovereign state to immunity from suit is a public right and must not be relinquished or conveyed away by reference or construction; and the statutes must clearly permit the State to be sued or the right to do so will not exist.

We overrule, as herein explained, State ex rel. *State Board of Public Affairs v. Principal Funding Corporation,* Okl., 519 P.2d 503, wherein we held that an ordinary action at law may not be maintained against State for breach of its contractual obligations without first obtaining State's consent to being sued and that the proper remedy would be by proceedings in mandamus.

Our modification of McKnight, supra, and Principal Funding Corporation, supra, may not inure to the benefit of State. Our first decision in this controversy [519 P.2d 503], was "the law of the case", [see *Berland's Inc. of Tulsa v. Northside Village Shopping Center,* Okl., 447 P.2d 768] on remand to the district court and is "the law of the case" in this appeal. Therefore, State's first three specifications of error, which, in substance, are directed generally to the proposition that State may not be sued in the case at bar because State has not consented to being sued, have already been decided against State and will not be reconsidered.

■ State contends the trial court erred in rendering judgment for appellee because the appropriation for the lease rental agreement has lapsed and there are no funds available for making payment.

Although the appropriations in the case at bar would lapse after November 15, 1971, and be transferred to the credit of the proper fund, Section 12 of House Bill 1575 [Oklahoma Session Laws 1970, Ch. 330, p. 640] specifically provides that funds may be encumbered prior to June 30, 1971. The record conclusively shows that these funds were encumbered before that date.

■ We agree with State that the trial court erred in allowing interest from May 1, 1971, and the order is modified to allow interest from September 1, 1971.

Order affirmed as modified.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., dissents.