LIABILITY — HIGHWAY PATROL OFFICER Under the theory of sovereign immunity the Department of Public Safety and the State of Oklahoma are not liable for any payment for medical services for persons injured by accident or by resisting arrest. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Is the Department of Public Safety liable for the payment for medical services rendered to a person injured by a Highway Patrol officer while resisting an arrest made by that officer? 2. Is the Department of Public Safety liable for medical assistance rendered to a person injured in an automobile accident which occurred prior to an arrest being made or when no arrest was made? By letter you indicate that there have been occasions where a state trooper, in the performance of his duty, has taken an injured person to a hospital, under varying circumstances outlined by your questions and has signed an admittance slip in order for the injured person to receive treatment. Generally when this occurs the injured individual is unable to sign his own admittance slip. The Department of Public Safety as an agency of the State of Oklahoma is cloaked with sovereign immunity. Historically, the State of Oklahoma has enjoyed immunity of the widest possible scope as sum marized in the case of Henry v. Oklahoma Turnpike Authority, 478 P.2d 898
(Okl. 1970), in which the Court stated: "This State has long been committed to the rule, without a single exception, that the State is immune from suits without its waiver or consent." (numerous authorities cited) In 1972 the Oklahoma Supreme Court in the case of State of Oklahoma ex rel. Department of Highways of the State of Oklahoma v. McKnight, 496 P.2d 775 (Okl. 1972), cited with approval the Henry decision, supra, and numerous other cases upholding the doctrine of sovereign immunity. The Court in McKnight affirmed earlier rulings in stating: "In Jack v. State (1937), 183 Okl. 375, 82 P.2d 1033, 1034 (an action for a money judgment and damages arising out of personal injuries resulting from alleged negligence on the part of certain officers, employees or agents of the state), it is said that 'The State, in the absence of an express statute creating a liability therefor, is not liable in a civil action for damages for the neglect of its officers or those they are obliged to employ, in improperly performing, or in failing to perform, their duties as such officers or employees.' And, in State ex rel. Williamson, Attorney General v. Superior Court of Seminole County, et al. (1958), Okl., 323 P.2d 979, 981 (a similar action but involving alleged negligence on the part of a Highway Patrolman), this court said 'It is fundamental that the State cannot be sued in any manner, or upon any liability, constitutional, statutory, or contractual, unless there is express consent thereto. * * *" It is clear from a reading of these cases that in the absence of any later decisions the answer to all of your questions would be in the negative as the Department of Public Safety of the State of Oklahoma would be immune from suit under any circumstances outlined in your questions. However, it is necessary to review recent Oklahoma Supreme Court decisions which have made substantial changes in the doctrine of sovereign immunity as applied in the State of Oklahoma. In Schrom v. Oklahoma Industrial Development, 536 P.2d 904 (Okl. 1975), the Supreme Court modified McKnight, supra, to the extent that when a department or agency of the State purchases liability insurance pursuant to authority granted by the Oklahoma Legislature, that the State has waived its governmental immunity, consenting to be sued to the extent of the insurance coverage provided. In discussing this matter with you, you have advised us that no insurance coverage has been authorized by the Legislature to cover the situations outlined in your questions and therefore it is our opinion that the Schrom case will not have applicability in this circumstance. A second case altering the concept of sovereign immunity deals specifically with contracts and could have more applicability to the questions you have presented. It would appear that a hospital seeking recovery for services rendered to the individual would be suing the State (or Department of Public Safety) on an implied contract theory. In a recent decision of State Board of Public Affairs v. Principal Funding Corporation, 542 P.2d 503
(1975), the Oklahoma Supreme Court held: "We find no justifiable reason why the State should secure to itself the benefits of a contract without assuming the corresponding liability. It is our opinion that the doctrine of sovereign immunity should not be applicable in cases where the State has entered into a valid contract and an individual or entity seeks redress for breach of the State's contractual obligations. We hold that where a person or entity enters into a valid contract with the proper state official and a valid appropriation has been made therefor, the State has consented to being sued and waives governmental immunity to the extent of its contractual obligations and such contractual obligations may be enforced against the State in an ordinary action at law." (Emphasis added) It is important to note however that although this case disregards the concept of sovereign immunity as generally applied to contracts with the State, the Supreme Court limited its application to "a valid contract with the proper state official and a valid appropriation". It is our belief that Principal Funding, supra, does not abrogate the doctrine of sovereign immunity in the relationships in the questions you have asked. A Highway Patrol officer would not be a proper state official who could bind the State by entering into a contract, and even if he were, the mere taking to a hospital of a person who has been injured (irrespective of how it occurred) would not constitute a "valid contract for which a valid appropriation has been made". It is, therefore, the opinion of the Attorney General that the answers to both Questions 1 and 2 be in the negative. Under the theory of sovereign immunity the Department of Public Safety and the State of Oklahoma are not liable for any payment for medical services for persons injured by accident or by resisting arrest. (Paul C. Duncan)