Jack LUCAS and Paula
Lucas, Appellants,

v.

CANADIAN VALLEY AREA VOCA-
TIONAL TECHNICAL SCHOOL OF
CHICKASHA, DISTRICT NUMBER
SIX, Appellee.

No. 75679.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 7, 1992.

Michael P. Ford, Chickasha, for appellants.

F. Thomas Cordell, Jr., Chickasha, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellants, Jack and Paula Lucas, seek review of the trial court's order granting Appellee school district's Motion to Dismiss. The trial court's dismissal of Appellants' action was based upon findings that Appellee was a political subdivision under the Governmental Tort Claims Act (Act), 51 O.S.Supp.1990 §§ 151 et seq.; that Appellants' claims were grounded upon a breach of warranty theory and that recovery based upon such theory against a political subdivision is precluded under the Act.

Appellants' Amended Petition reflects they purchased certain real property from

Appellee. A residence had been constructed on the property by Appellee. At the time of purchase, Appellee expressly warranted the residence to be free from defects, with the warranty period being one year. The Petition further alleged an implied warranty of merchantability and fitness for use of the residence. Appellants alleged numerous defects in the premises, resulting from Appellee's failure to construct the residence in a workmanlike manner and Appellee's improper supervision in construction. Finally, Appellants alleged a breach of expressed and implied warranties when Appellee failed to correct the problems.

Appellee moved to dismiss the action, arguing the Petition failed to state a claim upon which relief could be granted. More specifically, Appellee contended that because it was a political subdivision under the Act, the Act's special notice provisions pertained and had not been followed. Alternatively, Appellee asserted it was exempt under the Act from claims grounded upon breach of express or implied warranty, citing 51 O.S.Supp.1990 § 155(25). After Appellants responded to the motion, and Appellee replied to that response, the trial court granted the motion to dismiss. Appeal is from the trial court's dismissal order.

Appellants first contend the trial court erred in dismissing their action because it is based upon breach of contract and the Governmental Tort Claims Act is not applicable. We agree. We need not consider Appellants' other allegations of error.

Our consideration of Appellants' contention is guided by the rule set forth by our Supreme Court in *Frazier v. Bryan Memorial Hospital Authority*, 775 P.2d 281, 287 (Okla.1989):

> A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief.

Appellee does not controvert Appellants' assertion their Petition is based upon a warranty theory, nor that contract principles may apply. In fact, Appellee's appellate brief notes Appellants have "commingled tort and contract concepts". Instead Appellee relies upon the exemption in 51 O.S.Supp.1990 § 155(25):

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> (25) Any claim or action based on the theory of manufacturer's products liability or breach of warranty, either expressed or implied;

Appellee's argument relies upon conclusions that the Legislature, in the Act, intended to preclude certain claims or actions grounded in contract, and that actions on a warranty theory must always be pursued in contract. We find neither conclusion to be correct.

The Legislature's intention to limit the Act to tort actions and claims is evident not only in the statutory short title—The Governmental *Tort* Claims Act (51 O.S.Supp. 1990 § 151), but also in § 152.1 of the Act, which adopts the doctrine of sovereign immunity from liability for *torts*. The Supreme Court has found the scope of liability in § 153 of the Act to be limited to *torts* committed within the scope of employment, subject to other limitations and exceptions in the Act. *Nguyen v. State*, 788 P.2d 962 (Okla.1990).

Appellee argues one of those exceptions is the exemption of warranties, express or implied, in § 155(25). We do not agree. Section 155, as part of specific legislation, must be read to apply only to those claims within the ambit of the Act, that is, tort claims.

A warranty is an expressed or implied statement of something undertaken as a part of a contract of sale. *Pauls Valley Milling Co. v. Gabbert*, 182 Okla. 500, 78 P.2d 685 (1938). Appellants' Petition alleges both express and implied warranties. When a builder-vendor sells a new home, there is an implied warranty, as a matter of law, that the home is or will be completed in a workmanlike manner and will be reasonably fit for occupancy as place of abode. *Jeanguneat v. Jackie*

*Hames Construction Co.,* 576 P.2d 761 (Okla.1978). Thus, on the face of their Petition, Appellants have clearly stated contract claims under which relief could be granted.

■ The warranty claims or actions exempted by § 155(25) are not those which rely on contract obligations however. It is well established that where a breach of contract is permeated with tort, an injured person may elect to waive the contract rights and recover in tort. *Hall Jones Oil Corporation v. Claro,* 459 P.2d 858 (Okla. 1969). The contract creates the relationship, but accompanying the contract is a common law duty to perform the agreement with care and skill. *Woods Petroleum v. Delhi Gas Pipeline,* 700 P.2d 1023 (Okla.App.1983). It is this latter duty, although it may arise from a contractual warranty obligation, which may not serve as a basis for a claim or action under the Act. We find nothing to persuade us the Legislature intended by the Act to also preclude claims or actions solely contractual in nature.

■ Appellee urges a "strict letter" reading of § 155(25). However, words, phrases and sentences of a statute are not to be construed in an abstract sense, but with due regard to the context, and in a sense which best harmonizes with all other parts of the statute. *State v. Tapp,* 380 P.2d 260 (Okla.1963). Warranty, while originating from contract, must in this case be considered as it relates to the tort context in which it is found.

At this stage of the proceedings, on the record before us, we cannot say "beyond doubt" that Appellants "can prove no set of facts which would entitle [them] to relief". *Frazier v. Bryan Memorial Hospital Authority,* 775 P.2d at 287.

Appellee raises for the first time on appeal the question of whether Appellants must plead facts establishing an appropriation exists from which Appellee could pay a judgment in a contract action. Appellee cites *State Board of Public Affairs v. Principal Funding Corporation,* 542 P.2d 503 (Okla.1975), wherein the Supreme Court held the state waived sovereign immunity from suit in contract, but only if there was a valid contract *and* a valid appropriation has been made therefore.

In its appellate briefing of this question, Appellee notes Appellants "have pointed to no valid appropriation to fund the ... warranties", and Appellee is "not aware of any statute authorizing or funding warranties of any kind". Existence of such an appropriation is not a matter to be determined by this Court. That question may be raised by appropriate pleadings in the trial court.

Assuming, *arguendo,* it is necessary to plead a valid appropriation to state a claim upon which relief may be granted, and further assuming a valid appropriation exists, the trial court may grant leave to amend Appellants' Petition. *Frazier v. Bryan Memorial Hospital Authority,* 775 P.2d at 286.

The trial court's order dismissing Appellants' Petition is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

HUNTER, C.J., and JONES, J., concur.