Debbie BROWN, Appellee,

v.

Gerald USRY d/b/a Usry Auto House, Appellee,

v.

STATE of Oklahoma ex rel. Theresa McGEHEE, District Attorney for Bryan County, Appellant.

No. 79209.

Court of Appeals of Oklahoma, Division No. 3.

June 22, 1993.

Theresa McGehee, Dist. Atty. and Jeff Mixon, Asst. Dist. Atty., Durant, for appellant.

G. Wendell Cathey, Durant, for appellee Gerald Usry d/b/a Usry Auto House.

### OPINION

BAILEY, Presiding Judge:

The State of Oklahoma, ex rel. Theresa M. McGehee, District Attorney for Bryan County (District Attorney), seeks review of the Trial Court's order granting judgment to Gerald Usry d/b/a Usry Auto House (Usry) on Usry's third-party claim against District Attorney for payment of storage fees. District Attorney also seeks review of the Trial Court's order directing District Attorney to pay attorney fees to Usry and Debbie Brown (Brown) after judgment for Brown in Brown's action for return of her vehicle, held by Usry at the District Attorney's direction, after denial of District Attorney's claim for forfeiture thereof. District Attorney asserts error of the Trial Court in granting judgment to Usry for storage fees and to Usry and Brown for attorney fees.

In January 1991, an officer of the Durant Police Department arrested Brown and impounded Brown's vehicle. The officer called Usry, a licensed Class A tow-truck operator, directing Usry to tow the vehicle and store it for the District Attorney. The

District Attorney's office later verified its "hold" on the vehicle but advised Usry he could release the personal items in the vehicle.

The District Attorney subsequently commenced an action seeking forfeiture of the vehicle. After hearing in May 1991, the Trial Court found seizure of Brown's automobile unauthorized and ordered the District Attorney to return the vehicle to Brown.

By letter dated June 11, 1991, the District Attorney advised Usry that District Attorney released its "hold" on Brown's vehicle and that the vehicle "may be returned to the owner." The letter further advised Usry that "any liens your company may have against the vehicle are unaffected" by the release, concluding that Usry might wish to consult independent legal counsel.

After receipt of the letter from District Attorney, Usry contacted District Attorney in an unsuccessful attempt to arrange for payment of the storage fees. Having received no payment from District Attorney, when Brown requested return of her vehicle from Usry, Usry refused to release Brown's vehicle until or unless the storage fees were paid.

Brown then filed her action against Usry seeking return of her vehicle. Usry answered, denying liability for return of the vehicle, and asserted a counter-claim against Brown claiming a lien on the vehicle for storage fees. Usry also asserted a third-party claim against District Attorney, again denying liability for return of the vehicle and asserting District Attorney's liability for the storage fees.

At trial, Brown and Usry each presented evidence, but District Attorney did not. The Trial Court, having previously ordered the District Attorney to return the vehicle to Brown in the forfeiture action, entered judgment for Usry and against the District Attorney for the amount of the towing and storage charges. The Trial Court further awarded Brown and Usry attorney fees against District Attorney. District Attorney appeals.

District Attorney first asserts error of the Trial Court in granting judgment to Usry on his third-party claim, arguing that Usry had no enforceable contract with District Attorney for payment of the towing and storage fees. In support of this argument, District Attorney contends that in order to establish a binding contract with the State, a person must prove (1) a valid contract with a proper state official and (2) a valid appropriation of money for the contract,[1] and argues Usry failed to establish either of the requisite elements.

 We first note that Usry holds a valid Class A towing license issued by the State of Oklahoma under statute charging the Oklahoma Department of Public Safety with responsibility to govern, supervise, license and control towing and storage services.[2] Oklahoma law further authorizes any law enforcement officer to cause removal of a vehicle in certain situations, including arrest of the owner of the vehicle, but requires use of a Class A operator, such as Usry, for removal of the vehicle,[3] and grants the tow-truck operator a possessory lien on the vehicle for costs of removal and/or storage.[4]

In the present case, Usry testified that he received directions from a Durant police officer to tow Brown's vehicle, and that he subsequently received directions from one Ken Henson of the District Attorney's office to "hold" the vehicle. Although the District Attorney argues Usry failed to establish Henson's identity and/or position with the District Attorney's office so as to establish Henson's authority to issue a hold on the vehicle, the record includes a letter on District Attorney's official stationary, written by an Assistant District Attorney, advising Usry of failure of District Attorney's forfeiture action and release of Dis-

1. *State Board of Public Affairs v. Principal Funding Corp.*, 542 P.2d 503 (Okl.1975).

2. 47 O.S.1991 § 952.

3. 47 O.S.1991 § 955.

4. 47 O.S.1991 § 962.

trict Attorney's hold on the vehicle. We find this evidence sufficient to establish that Usry contracted with a proper state official, i.e., District Attorney or someone on behalf of District Attorney, for the storage of Brown's vehicle.

■ District Attorney next asserts no proper appropriation for payment of Usry's towing and storage fees, precluding a finding of valid contract. On this issue, the record reflects Usry had previously stored vehicles at the direction of the District Attorney, and District Attorney admits in the briefs an established practice and custom to pay Usry for towing and storage of vehicles subject to forfeiture from funds generated upon sale of the forfeited vehicles. However, District Attorney asserts that because the Trial Court denied forfeiture in the present case, District Attorney generated no funds from sale of a forfeited vehicle to pay for towing and storage, and hence, District Attorney incurred no liability for payment of Usry's towing/storage fees incurred in the preservation of Brown's vehicle.

Section 2–503 of Title 63, Oklahoma Statutes (1991), defines property subject to seizure and forfeiture. Section 2–506(A) of the same title mandates the seizure of property under certain conditions, and section 2–506(K) charges the district attorney in the county of seizure with custody thereof subject to orders of the court.[5] Upon sale of seized/forfeited property, section 2–506(L) directs distribution of the sale proceeds first to any innocent party holding a bona fide interest in the property to the extent of such interest,[6] second to payment of actual expenses incurred in preserving the property,[7] and the balance to "a revolving fund in the ... county [of seizure] ... to be used ... solely for enforcement of controlled dangerous substances laws, drug abuse prevention and drug education, or any lawful purpose...."[8]

Considering this authority and under the facts of this case, we find absolutely no legal or factual support for District Attorney's argument. First, as we have previously noted, Oklahoma statute creates a revolving fund from proceeds of sale of forfeited property for payment of "actual expenses" incurred in preservation of property subject to forfeiture, and for use in drug enforcement, drug abuse prevention, education or "any [other] lawful purpose," including, in our opinion, "for [the] lawful purpose" of "payment of the actual expenses of preserving ... [seized] property" in cases of failure of enforcement's underlying forfeiture efforts, i.e., Usry's towing/storage fees, as a necessary incident to District Attorney's drug enforcement, drug abuse prevention and drug education efforts.[9] Second, the uncontradicted evidence showed that on all previous occasions in which Usry stored vehicles subject to forfeiture at the direction of the District Attorney, District Attorney paid Usry for towing and storage when District Attorney retrieved the vehicles from Usry, although Usry did not know if, when or under what conditions District Attorney subsequently sold such vehicles. We therefore find sufficient evidence to establish not only that funds existed for the purpose of paying storage fees, but also that Usry entered into a valid, funded contract with the District Attorney for payment of his towing and storage fees, and conclude the Trial Court did not err in granting judgment to Usry on his claim.

■ The District Attorney next complains the Trial Court lacked authority to award attorney fees to Brown and Usry. However, section 936 of Title 12, Oklahoma Statutes (1991), authorizes an award of attorney fees to the prevailing party in an action on a contract for labor or services, and we have previously affirmed the Trial Court's determination of existence of such

---

5. Section 2–506 excepts from certain provisions therein property seized by the certain Oklahoma law and drug enforcement agencies, none of which are involved in the present case.

6. 63 O.S. § 2–506(L)(1).

7. 63 O.S. § 2–506(L)(2).

8. 63 O.S. § 2–506(L)(3).

9. 63 O.S. §§ 2–506(K), (L)(2), (3).

a valid labor or services contract between Usry and District Attorney, as well as judgment thereon for Usry. Thus, and as to Usry's attorney fees, because Usry prevailed on his labor/services contract claim against District Attorney, we hold the Trial Court authorized under § 936 to award Usry attorney fees against District Attorney.

■ As to Brown's attorney fees, and although we recognize that property "taken and detained under [§ 2–506] shall not be repleviable, but shall be deemed in the custody of the ... district attorney of the county" of seizure, disposition of such property stands nevertheless subject to orders of the trial court.[10] As this provision applies to the present case, the Trial Court ordered District Attorney to "forthwith return said automobile to the possession of" Brown upon conclusion and failure of District Attorney's prior forfeiture action, but this District Attorney did not do. Rather, the District Attorney simply advised Usry that District Attorney released its "hold" on the vehicle, and that Usry "may" return the vehicle to Brown, in the District Attorney's opinion leaving Usry's possessory lien unaffected.[11]

■ In this regard, we find Brown properly stated a cause of action in her petition against Usry for return of her vehicle (replevin), but Usry denied responsibility for return of the vehicle, instead casting responsibility for return of Brown's vehicle on District Attorney under the Trial Court's previous judgment in the forfeiture action ordering District Attorney, not Usry, to return the vehicle to Brown. Thus, and notwithstanding Usry's denomination of his claim against District Attorney as a "third-party petition," we find District Attorney a functional co-defendant on Brown's replevin claim, as such, liable to Brown for attorney fees.[12] Under these circumstances, we find no error by the Trial Court in awarding Brown her attorney fees against District Attorney.

The order of the Trial Court granting judgment and attorney fees to Brown and Usry against District Attorney is therefore AFFIRMED.

HANSEN, C.J., and HUNTER, J., concur.

---

**10.** 63 O.S. 2–506(K).

**11.** In view of Usry's statutory possessory lien, i.e., dependent upon possession of the vehicle, we find the District Attorney's position untenable, and her actions tantamount to a violation of the Trial Court's order for the District Attorney to return possession of the vehicle to Brown.

**12.** 12 O.S.1991 § 1580.
*See also, Safeway Rental & Sales Co. v. Albina Engine and Machine Works,* 343 F.2d 129, 133 (10th Cir.1965) (under Oklahoma law, reasonable attorney fees are recoverable when necessarily incurred in litigation with a third party as a consequence of a wrongful act of the defendant); *Security State Bank of Comanche, Okl. v. W.R. Johnston & Co.,* 204 Okl. 160, 228 P.2d 169 (19xx) (attorney fees and other expenses of litigation treated as "legal consequences of the original wrongful act," so where a co-defendant defends and incurs attorney fees and expenses, the co-defendant may recover his costs and fees from the other co-defendant).