George SHARP, d/b/a Sharp's Wrecker Service, Appellee,

v.

STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. 80938.

Court of Appeals of Oklahoma, Division 2.

May 24, 1994.

Richard E. Butner, Butner & Butner, Wewoka, for appellee.

Michelle R. Day, Dept. of Public Safety, Oklahoma City, for appellant.

REIF, Judge.

The Oklahoma Department of Public Safety appeals a small claims judgment that awarded George Sharp recovery for various expenses he incurred from towing and storing a vehicle impounded by a Highway Patrolman. Because marijuana was found in the vehicle, the District Attorney for Seminole County prosecuted forfeiture proceedings against the vehicle. The district court forfeited the owner's interest, but ordered the vehicle returned to an innocent lienholder

pursuant to 63 O.S.1991 § 2–506(I).[1] Relying on advice of the District Attorney, Mr. Sharp continued to hold the vehicle as security for his unpaid towing and storage charges. The lienholder successfully replevied the vehicle free from any claim by Mr. Sharp and, in so doing, recovered attorney fees and court costs from Mr. Sharp in the amount of $1,110.65. Because he became embroiled in this situation as the result of a Highway Patrol impoundment, Mr. Sharp sued the Department to recover the towing and storage charges, and the attorney fees and court costs he was assessed in the lienholder's replevin action.

██ The Department of Public Safety has contended that it is not liable and that it was error for the trial court to grant Mr. Sharp judgment. The Department raised several propositions in its petition in error, but confined the argument in its brief in chief to a single issue: The evidence presented does not support the trial court's judgment granted on express or implied contract theories. For the reasons that follow, we reject this proposition and affirm.

There is no controversy that the vehicle in question was towed and stored by Mr. Sharp at the direction of a State Highway Patrolman. When asked by the court if he considered the impoundment to be under a "Title 63 drug hold," the Highway Patrolman responded yes. Title 63 O.S.Supp.1993 § 2–503(E) provides in pertinent part that: *"All property taken or detained* under this section by the ... *Oklahoma Department of Public Safety* ... shall not be repleviable, but *shall remain in the custody of the ... Department* ... subject only to the orders and decrees of a court of competent jurisdiction." Under this subsection, the Commissioner of Public Safety has the responsibility to follow the general procedure in § 2–506 dealing with "notification of seizure, intent of forfeiture, final disposition procedures, and *release to innocent claimants* with regard to all property ... detained by the Oklahoma Department of Public Safety." (Emphasis added.)

In the instant case, the Highway Patrolman indicated that the actions by Mr. Sharp

---

**1.** 63 O.S.Supp.1993 § 2–506(I) is identical to the 1991 version.

that were taken against the vehicle that he impounded were "turned over" to the District Attorney. In absence of a provision to the contrary in the forfeiture statutes, the District Attorney may prosecute forfeiture proceedings on behalf of the Department. However, when the District Attorney does so, the Department is bound by his actions. In the instant case, at the conclusion of the forfeiture proceeding, the District Attorney, as legal counsel and agent for the Department of Public Safety, had the duty to release the vehicle to the innocent lienholder unconditionally, without advising Mr. Sharp to hold the vehicle for payment of his towing and storage charges.

Mr. Sharp's right to possess the vehicle in question was derived from and dependent upon the Department's right to custody pending the outcome of the forfeiture proceedings. In a few words, Mr. Sharp was merely the agent for the Department to tow and keep the vehicle in accordance with the directions of the authorized agents of the Department. Mr. Sharp had a right to rely on the directions of the District Attorney, that as agent for the Department in connection with this forfeiture, he could keep the vehicle as security and look to the lienholder for payment. This advice was wrong. It cost Mr. Sharp litigation expenses for which the Department should indemnify him, in addition to paying him for the services he rendered as their towing and storage agent.

■ This case is analogous to *Brown v. Usry*, 856 P.2d 1018 (Okla.Ct.App.1993), and the disposition reached herein is consistent with the holding of that case. However, we depart from *Brown*'s recognition of lien rights on the part of individuals who tow and store vehicles that are seized, impounded, and forfeited pursuant to 63 O.S.Supp.1993 §§ 2–503, 2–506 and 2–508 and 63 O.S.1991 § 2–504. These statutes *exclusively* govern the rights of *all* persons interested in the vehicles and property from the time of seizure through disposition.[2] None of these statutes grant towing and storage agents a lien on the property that they take possession of and keep for the various agencies in whom legal custody of the property is vested. Significantly, § 2–506(I) requires the release of the seized property to certain "innocent" parties without any qualification, "if the amount due [such parties] is equal to, or in excess of, the value of the property as of the date of seizure." If the legislature had intended to protect some lien right on the part of towing and storage agents, it would have provided that release would be subject to or upon payment of towing and storage charges. We agree with the conclusion in *Brown* that such towing and storage charges are "a necessary incident to ... drug enforcement" and as such are properly paid from the "revolving funds" established for enforcement of the drug laws under 63 O.S.Supp.1993 §§ 2–503(F), 2–506(L), and 2–508. The Department of Public Safety's "revolving fund" is found in § 2–508(C).

In conclusion, we hold that Mr. Sharp acted as the agent for the Department of Public Safety when he towed and stored the vehicle in question upon its seizure and impoundment by the Highway Patrolman under a "Title 63 drug hold" and, therefore, the Department must compensate him for the towing and storing services, and indemnify him for litigation expenses he incurred by continuing to hold the vehicle after its release from forfeiture based upon the erroneous advice of the District Attorney who was also an agent for the Department for purposes of the forfeiture.

AFFIRMED.

BOUDREAU, P.J., and RAPP, J., concur.

■

---

2. The vehicle in question was seized under the authority of 63 O.S.1991 § 2–504 and was not impounded as a hazard; therefore, 47 O.S.1991 §§ 951–955 does not apply.